UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVAR DEMETRIUS BOYD,

        Plaintiff,                              Case No. 20-12681
                                                         Honorable Mark A. Goldsmith

v.

KATE MADISON, et al.,

        Defendants.

_____/

**OPINION & ORDER**
**SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Lavar Demetrius Boyd, confined at the Midland County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint stems from Defendants' alleged failure to discharge Plaintiff from his state-supervised parole, leading to improper parole violation charges. Compl. at PageID.10 (Dkt. 1). Plaintiff names four Defendants: (i) parole officer Keira Madison, (ii) hearing examiner John Remillet, (iii) the Michigan Department of Corrections ("MDOC") Time Computation Department, and (iv) the Michigan Parole Board.[1] Plaintiff alleges violations of the First, Fourth and Eighth Amendments and multiple state law violations. For the reasons that follow, this case is summarily dismissed.

**I. BACKGROUND**

Plaintiff's complaint concerns his state-court parole proceedings. On August 8, 2017, Plaintiff was released on parole for a duration of "15 month to max." Compl. at PageID.10. He

---

[1] Plaintiff recently submitted a letter informing the Court that the defendant Keira Madison is misidentified in his complaint and case caption as Kate Madison. Letter (Dkt. 4). The case caption shall be amended to reflect this correction.

alleges that although his parole term ended on the "statutory maximum date of November 14, 2018," his parole officer, Keira Madison, failed to discharge him from parole. Id. According to Plaintiff, this failure to discharge him led to him being improperly charged with violating his parole. Id. at PageID.8.

In early November 2018, Plaintiff contacted Madison to inquire about papers related to his discharge from parole. Id. at PageID.10. Madison's supervisor, defendant John Remillet, told Madison to contact MDOC to determine when Plaintiff's parole should be terminated. Id. In December 2018, Madison told Plaintiff she still had not processed his discharge papers even though, according to Plaintiff, his parole should have been terminated the previous month. Id. Plaintiff argues that he has now incorrectly been "labeled a 'parole violator.'" Id. at PageID.11. It is unclear from the complaint whether Plaintiff's parole violation proceedings have concluded or whether they are ongoing. In either case, the complaint is subject to dismissal.

## II. LEGAL STANDARD

Because Plaintiff paid the full filing fee, the Court screens this complaint under 28 U.S.C. § 1915A, which directs the Court to review a civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review, the Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

A pro se civil rights complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007). To meet this pleading standard, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Id. at 570. The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[S]pecific facts are not necessary . . . ."). Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556.

### III. DISCUSSION

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).

Plaintiff's complaint alleges that the term of his parole was improperly extended beyond its expiration and that he was, consequently, improperly charged with a parole violation. It is unclear from the face of the complaint whether Plaintiff's parole violation proceedings remain pending. But determining the status of the parole violation proceedings is unnecessary because

the complaint is subject to dismissal whether Plaintiff's parole violation proceedings are ongoing or have been completed.

First, if Plaintiff's parole violation proceedings are complete, his claims are not properly raised in a § 1983 proceeding. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction, sentence, or continued confinement unless the conviction or sentence has been set aside. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies with equal force to challenges to parole status that would necessarily imply the invalidity of a parole detainer. Munofo v. Alexander, 47 F. App'x 329, 330 (6th Cir. 2002). Here, because Plaintiff expressly challenges his status as a "parole violator," his claims are barred under Heck unless and until any parole violation determinations have been invalidated. Thus, this claim is subject to dismissal without prejudice. See Wheeler v. Dayton Police Dep't., 807 F.3d 764, 767 (6th Cir. 2015) (claims dismissed under Heck are dismissed without prejudice).

Second, if the parole violation proceedings are ongoing, the Court exercises its discretion to abstain from interfering with an ongoing state proceeding. Under the Younger abstention doctrine, federal courts must abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present.[2] Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir. 1995). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Younger v. Harris, 401 U.S. 37, 44 (1971).

---

[2] This doctrine derives its name from Younger v. Harris, 401 U.S. 37 (1971).

Federal courts should abstain where: "(1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." Kelm, 44 F.3d at 419. All three criteria are met in this case. First, Plaintiff's claims concern state parole violation proceedings. Second, whether Plaintiff has violated the terms of his state-imposed parole clearly implicates the state's interest in enforcing its criminal laws. Third, the state-court parole violation proceedings will provide an adequate opportunity for Plaintiff to address his discharge from parole and to challenge the merit of the parole violation charges. See Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 334 (6th Cir. 2007) ("Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." (internal marks omitted)). Finally, Plaintiff presents no extraordinary circumstances which would warrant interference with a state proceeding. In light of these considerations, the Court finds that abstention is proper and, therefore, dismisses the claims without prejudice. See Reynolds v. Messer, 41 F. App'x 835, 836 (6th Cir. 2002) (holding that claims dismissed based upon the Younger abstention doctrine were properly dismissed without prejudice).

Plaintiff also raises several state-law claims. In determining whether to retain supplemental jurisdiction over state-law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir. 1993). Generally, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed, "the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Gamel v. City of Cincinnati, 625 F.3d 949, 952 (6th Cir. 2010)

(internal marks omitted); see also 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction"). Here, because Plaintiff's federal claims are dismissed, the Court declines to exercise supplemental jurisdiction with regard to his state-law claims and likewise dismisses those claims without prejudice.

## IV.  CONCLUSION

For the reasons discussed above, the complaint is summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:  January 19, 2021            s/Mark A. Goldsmith
        Detroit, Michigan           MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2021.

                                    s/Karri Sandusky
                                    Case Manager